UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:05CV629-DJS |
| | ) |
| ANSEL CARD, CAROL OETTING and | ) |
| JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

### ORDER

The prisoner plaintiff brings the instant action pursuant to 42 U.S.C. §1983 alleging that corrections officials have violated his constitutional right of access to the courts by failing to provide him with access to a law library or to persons trained in the law to assist him in preparing and filing a timely motion for post-conviction relief under Mo.S.Ct.R. 29.15. The matter is now before the Court on the motion to dismiss of defendants Card and Oetting, to which plaintiff has failed to respond.

The complaint alleges the following facts in support of plaintiff's claims. Plaintiff was convicted in the Circuit Court of St. Louis County on July 24, 1997. The Missouri Court of Appeals denied plaintiff's direct appeal on September 15, 1998, and the Missouri Supreme Court denied discretionary review on November 6, 1998. In September 1998, plaintiff surrendered himself to the

custody of defendant John Doe, the "Sheriff" of the St. Louis County Jail. From that time until his transfer in December 1998, plaintiff requested but was denied access to a law library or to persons trained in the law to assist him in filing a Rule 29.15 motion for post-conviction relief.

In December 1998, plaintiff was transferred to the Fulton Reception and Diagnostic Center, into the custody of defendant Card, the warden. From that point until his subsequent transfer in September 1999, plaintiff alleges that he requested but was denied access to a law library or to persons trained in the law to assist him in filing a Rule 29.15 motion. In September 1999, plaintiff was transferred to the Lansing Correctional Facility in Lansing, Kansas, pursuant to the Interstate Corrections Compact Act. The prison law library at Lansing lacked Missouri law materials and persons trained in Missouri law to assist plaintiff. Defendant Oetting is sued as the Interstate Corrections Compact Coordinator for the Missouri Department of Corrections. On January 3, 2000, plaintiff obtained a Rule 29.15 motion form and filed a pro se motion in the Circuit Court of St. Louis County. The motion was denied as untimely on March 20, 2000.

Assuming without deciding that plaintiff states a claim upon which relief could be granted, the complaint is subject to dismissal on statute of limitations grounds, as argued in the instant motion. In Missouri, the statute of limitations applicable to claims under §1983 is five years. <u>Sulik v. Taney County,</u>

Missouri, 393 F.3d 765, 767 (8th Cir. 2005), *citing* Wilson v. Garcia, 471 U.S. 261, 276 (1985).  The conduct complained of occurred between September 1998 and January 3, 2000.  On the facts pled in the complaint, plaintiff's cause of action had accrued as of March 20, 2000, when his 29.15 motion was denied as untimely. Affording the complaint in this matter the fullest possible credit under the prison mailbox rule, the complaint was signed by plaintiff on April 13, 2005, more than five years from the accrual of the cause of action.  The Court therefore concludes that the complaint is barred by the applicable statute of limitations, which expired on March 20, 2005.[1]

This statute of limitations argument, made by defendants Card and Oetting, is equally applicable to the John Doe defendant. Plaintiff has been afforded an opportunity to oppose dismissal on this basis, and has failed to respond to the motion to dismiss.  In these circumstances, the Court will grant the motion and dismiss the complaint in its entirety as barred by the statute of limitations.  Accordingly,

---

[1] Plaintiff's allegations concerning the more recent denial of his federal habeas corpus petition do not affect the statute of limitations analysis, and do not defer the running of the five-year period.  The untimeliness of his federal habeas petition resulted from plaintiff's delay in filing that petition, and was not attributable to the untimeliness of his 29.15 motion. Anderson v. Nixon, Cause No. 4:01CV1031-DJS, Order of 9/1/2004 [Doc. #24], pp.2-3.

**IT IS HEREBY ORDERED** that the unopposed motion to dismiss of defendants Card and Oetting [Doc. #8] is granted.

Dated this __29th__ day of September, 2005.

                                              /s/ Donald J. Stohr
                                          UNITED STATES DISTRICT JUDGE